65 F.3d 168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas L. JERGOVICH, Plaintiff-Appellant, Cross-Appellee,
v.
CF MOTOR FREIGHT, Defendant-Appellee, Cross-Appellant.
 Nos. 94-1611, 94-1612.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1995.
 
 Before: KEITH, KENNEDY and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Thomas L. Jergovich appeals a grant of summary judgment for defendant CF Motor Freight in this diversity action alleging age discrimination and breach of contract. Defendant also cross-appeals the denial of a post-judgment motion for Rule 11 sanctions. For the reasons stated below, we affirm both decisions of the District Court.
 
 I.
 
 2
 Plaintiff, who worked as a truck driver for defendant on a casual basis, contends that defendant discriminated against him because of his age in failing to offer him permanent employment. He further contends that defendant promised to consider him for permanent employment and that defendant's failure to do so constitutes breach of an oral contract. Upon review of the record in this case, and after due consideration of the briefs and oral argument of the parties, we believe that the District Court's opinion adequately addresses all of the issues plaintiff raises on appeal. Accordingly, we affirm the District Court's grant of summary judgment based on the reasoning in the District Court's opinion.
 
 II.
 
 3
 Defendant filed a post-judgment motion for Rule 11 sanctions, arguing that plaintiff's breach of contract claim violated Rule 11 because it was not well founded in fact and supported by existing law, or a good faith argument for the extension, modification or reversal of existing law. On cross-appeal, defendant argues that the District Court erred when it denied the motion without specifying its rationale.
 
 
 4
 Faced with competing post-judgment motions for Rule 11 sanctions, the District Court stated: "Upon a review of the court file in this matter, including this Court's previous Opinion and Order, the motions and briefs that the parties have filed, and the relevant case law, this Court hereby denies both defendant's and plaintiff's motion for Rule 11 sanctions, finding that neither party violated Rule 11." We review this decision for abuse of discretion, Orlett v. Cincinnati Microwave, Inc., 954 F.2d 414 (6th Cir.1992), and find that the District Court did not err in denying defendant's motion.
 
 
 5
 Unlike decisions to impose sanctions, decisions not to impose sanctions need not always be supported with specific reasoning. See Orlett, 954 F.2d at 417.[1] Here, the District Court examined the complete record and the relevant case law and declined to impose sanctions. Having reviewed the record ourselves, we do not believe that this is a "close sanctions case" which might require a more thorough analysis by the District Court. See Palmer v. Nationwide Mutual Ins. Co., 945 F.2d 1371, 1377 (6th Cir.1991). Accordingly, there was no abuse of discretion.
 
 III.
 
 6
 For the above stated reasons, we AFFIRM the judgment of the District Court.
 
 
 
 [1]
 Vild v. Visconsi, 956 F.2d 560 (6th Cir.), cert. denied, 113 S.Ct. 99 (1992), is inapposite because there the district court denied a Rule 11 motion without reviewing the complete record or relevant case law. See Id. at 571